Alvin R. **SIMMONS, Jr.,** Appellant

v.

**AAA EAST CENTRAL CENTURY III OFFICE; Donald Sims, Century III Office Manager.**

No. 12–4369.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 March 7, 2013.

Opinion filed March 15, 2013.

---

Alvin R. Simmons, Jr., Pittsburgh, PA, pro se.

Before: FUENTES, FISHER and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

Pro Se Appellant Alvin R. Simmons, Jr., a detainee at the Northeast Ohio Correctional Center in Youngstown, Ohio, appeals the dismissal of his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. *See Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000). Because the appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Simmons filed this civil rights action against Defendants AAA East Central Century III Office("AAA") and Donald Sims pursuant to 28 U.S.C. § 1983, alleging deprivations of his rights under the Fourth, Fifth and Sixth Amendments to the Constitution of the United States. In his complaint, Simmons alleged that while he was at the offices of a AAA travel agency in Pittsburgh, Pennsylvania, he was solicited for sex by a AAA employee in exchange for Disney tickets. The District Court granted Simmons' application to proceed in forma pauperis. The District Court then dismissed the complaint without prejudice, sua sponte, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The Court held that Simmons did not state a claim under 42 U.S.C. § 1983 against the Defendants because he failed to allege that they were state actors. The Court concluded that any amendment would be futile and thus dismissed the complaint without providing leave to amend. Simmons appealed.

We agree with the District Court's determination that Simmons' complaint fails to state a claim against AAA and Sims and that any leave to amend would be futile. A § 1983 claim has two essential elements: (1) the conduct complained of must be "committed by a person acting under color of state law"; and (2) this conduct must "deprive[] a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Kost v. Kozakiewicz,* 1 F.3d 176, 184 (3d Cir.1993) (internal quotation marks omitted). Here, AAA and Sims are clearly private parties. While a private party can qualify as a state actor when there "is a sufficiently close nexus" between the state and the private party's conduct, *id.,* Simmons has alleged no such connection here. Simmons has thus not stated a viable claim against AAA and Sims. Accordingly, we conclude that this appeal presents no substantial question, and we will summarily affirm the judgment of the District Court.[1]

---

1. To the extent that Simmons has alleged a state law claim for intentional infliction of emotional distress, as inferred by the District Court, we agree that Simmons fails to state a claim of intentional infliction of emotional distress against either AAA or Sims under Pennsylvania law.